[redacted]

**Thomas Vernon GRIMES, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–88–211–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 4, 1989.

[redacted]

Alex R. Tandy, Grand Prairie, for appellant.

Amy Ayers Adams, Dist. Atty., and Donald E. Schnebly, Asst. Dist. Atty., Weatherford, for State.

Before WEAVER, C.J., and JOE SPURLOCK, II and MEYERS, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellant, Thomas Vernon Grimes, was convicted by a jury of driving while intoxicated. *See* TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp.1989). The jury assessed punishment at two years confinement in Parker County Jail and a $1,000 fine. Grimes appeals on three points of error, two of which were waived by him during oral argument. His remaining point of error asserts that it was fundamental error for the trial court to administer the witness oath to him at the start of the trial, because that was a means of compelling Grimes to give evidence against himself. He argues that the jury might wonder why he was sworn in but did not testify. We construe appellant's assertion to mean that the act of administering the oath to Grimes was an impermissible reference to his privilege against self-incrimination.

We disagree with Grimes' assertion and affirm the judgment of the trial court.

Prior to opening arguments in the trial of this case, the State "invoked the rule," prompting the court to swear in all the witnesses at that time. In addition, in the jury's presence, the court administered the oath to Grimes. He did not object to the court's act, nor did he testify during the

guilt phase of the trial. Grimes argues that an objection was not necessary as the court's act to swear him in was fundamental error, because of an expectation by the jury that Grimes was going to testify and rebut the State's witnesses.

■ As a general rule, in order to preserve a complaint for appellate review, a party must have presented to the trial court a timely objection, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. TEX.R.APP.P. 52. Even on constitutional issues, an appellate court will not consider any possible error that the accused did not bring to the attention of the trial court to avoid or correct (*Rogers v. State*, 640 S.W.2d 248, 264 (Tex.Crim.App. [Panel Op.] 1982)), unless the error is so fundamental as to affect the substantial rights of a party. *See* TEX.R. CRIM.EVID. 103(d).

■ The State argues that the privilege against self-incrimination applies only to the compulsion of testimony and not to the mere taking of the oath. We agree. We hold that the mere administration of the oath to a defendant does not, absent objection, rise to the level of compelling a defendant to give evidence against himself. We hold that the court's administering the oath did not constitute physical or mental compulsion of such a nature that compelled appellant to testify. *See Thomas v. State*, 723 S.W.2d 696, 704–05 (Tex.Crim.App. 1986). Of course a defendant in a criminal case need never invoke his privilege not to testify, as he has an absolute right to remain silent. But, he gives up no right against self-incrimination by the mere oath-taking. Absent objection, his response to the court's request to be sworn in was a voluntary act.

In this case, the jury was instructed in voir dire by the judge, by the State, and by appellant's counsel that the defendant had an absolute right not to testify at trial, and the jury was not to consider this in determining his guilt. In addition, the jury was instructed through the court's charge not to consider the defendant's silence in its deliberations.[1] If there was any error, the instructions the jury received prior to and after the appellant was sworn in were sufficient to cure any harm it may have caused.

■ The better practice would be for the court not to administer the oath to a defendant who will not testify in a criminal case. However, the fact that it was done so in this case did no harm to any of appellant's rights. *See* TEX.R.APP.P. 81(b)(2). There was no objection or other matter occurring in the jury's presence to call attention to Grimes' failure to testify. If there was any error, it was sufficiently cured by the many instructions the jury received not to consider the fact that appellant did not testify, and was not such a fundamental error as to be preserved on appeal without an objection at the trial level.

We hold the trial court did not err in administering the oath to appellant in front of the jury. The judgment is affirmed.

---

1. The court's charge stated "Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant."